# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA ORTIZ,<br><br>   Plaintiff,<br><br> vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Social Security Administration,<br><br>   Defendant. | Case No. 1:23-cv-01727-WBS-SKO<br><br>**STIPULATION AND UNOPPOSED MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER**<br><br>**(Doc. 22)** |

  COME NOW THE PARTIES, Plaintiff LEILA ORTIZ, by and through counsel, Christopher J. Reichman, and Defendant MARTIN O'MALLEY, Commissioner of Social Security, by and through counsel, Noah Schabacker, hereby jointly move the Court that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND TWO HUNDRED DOLLARS AND ZERO CENTS ($7,200.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

  This amount represents compensation for all legal services rendered by Plaintiff's counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

Stipulation and Unopposed Motion On Joint Motion for Attorney's Fees Award

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.

After the order for EAJA fees is entered, the government will determine whether they are subject to any offset. Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Prato & Reichman, APC pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel's law firm.

This joint motion constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel, including Christopher J. Reichman/and or Prato & Reichman, APC, may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or Christopher J. Reichman to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATED: July 15, 2024          PRATO & REICHMAN, APC
                              /s/ Christopher J. Reichman
                              Christopher J. Reichman, Esq.
                              Attorney for Plaintiff

DATED: July 15, 2024          SOCIAL SECURITY ADMIN.
                              /s/ Noah Schabacker
                              Noah Schabacker

Attorney
Social Security Administration
Office of Program Litigation - 7
Attorneys for Defendant

## ORDER

Based upon the Joint Stipulation and Unopposed Motion (Doc. 22) for Settlement of Attorney Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d) (the "Stipulation"):

**IT IS ORDERED** that fees in the amount of $7,200.00 as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), be awarded subject to the terms of Stipulation.

IT IS SO ORDERED.

Dated:  **July 16, 2024**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE